[No. 26319. Department Two. November 12, 1936.]

PACIFIC STORAGE WAREHOUSE & DISTRIBUTING CO., INC., *Respondent*, v. JOHN C. BJORKLUND, *as Sheriff of Pierce County, et al., Defendants,* L. H. KRAFT, *Appellant.*[1]

[1]Reported in 62 P. (2d) 39.

*E. W. Hoffman* and *Wright & Wright,* for appellant.
*Williamson, Freeman & Broenkow,* for respondent.

MITCHELL, J.—Leonard Fordell and his wife, in August, 1934, executed and delivered their promissory note in the sum of one thousand dollars, payable to L. H. Kraft, and at the same time, to secure the payment of the note, executed and delivered to him a chattel mortgage on certain personal property, consisting of household furniture and furnishings and two automobiles, situated in Pierce county, Washington. Kraft, a nonresident of the state, was represented by his agent, R. F. Heinz, in the transaction.

Mrs. Fordell, losing the right of possession of the real property upon which she had been doing business and using the mortgaged chattels, stored the goods with the Pacific Storage Warehouse & Distributing Co., Inc., a corporation, in Tacoma, hereinafter called the storage company, by direction of Heinz as agent of the mortgagee. A portion of the goods was stored in December, 1934, and the remainder in March, 1935.

The Fordells defaulted in payments called for in the note and mortgage, and in November, 1935, Kraft began foreclosure by notice and sale, through the sheriff's office. Thereupon, the storage company, as plaintiff, removed the proceedings to the superior court. Upon trial, findings and conclusions and judgment were entered against Fordell and his wife in favor of Kraft in the sum of $526, together with an attorney's fee and costs of suit. Findings and conclusions and judgment were also entered against Fordell and wife in favor of the storage company in the sum of $233.75, with costs.

It was adjudged that the chattel mortgage was a valid lien on the goods described (except a lady's platinum dinner ring), and that the storage company had a valid statutory lien on the chattels (except the lady's platinum dinner ring) in the sum of $209.50 and costs. It was ordered that the goods be sold and the proceeds applied in the manner set out in the judgment, first, to the payment of the judgment for the storage lien and costs. L. H. Kraft has appealed.

The assignments of error, chiefly relied on, are directed against the findings, as follows:

"VII. That R. F. Heinz at the time of executing the note and mortgage by the defendants Fordell to Kraft and at all times since and in all negotiations with respect to said papers and the personal property covered by said chattel mortgage, has been the agent of the defendant Kraft.

"VIII. On December 1, 1934, at the request of the defendant L. H. Kraft the personal property described in paragraph V of the plaintiff's complaint was placed in storage with the plaintiff and on March 11, 1935, at the request of the defendant L. H. Kraft, the personal property described in paragraph VI of plaintiff's complaint was stored with the plaintiff. That said personal property has at all times since and is now in storage with the plaintiff."

While there is some dispute on the question of fact, the evidence clearly preponderates in favor of the finding that Heinz, as agent, made this and prior investments for Mr. Kraft, who continuously, or much of the time, was a nonresident; that Heinz made collections for, and remittances to, appellant Kraft; that, as such agent, he personally arranged for the storage of some of the personal property covered by the mortgage prior to the storage in controversy in this action; and that, upon Mrs. Fordell being compelled to do something with the goods, as she was going out of the

state, he told her to store them. Upon this subject, she testified:

"Q. Did you tell him [Heinz] where the stuff was stored or where it was to be stored? A. Absolutely, I had to. It was mortgaged and I had to tell him, and he asked me if it was a fireproof building."

Other evidence and fair inferences from the evidence are to the same effect.

This is a case of an agent acting within the scope of his authority, in having the goods stored.

▉ Appellant further contends that the mortgage lien was superior to the storage lien, and a number of authorities are cited in connection with that contention. We do not discuss the cases cited because, upon examination, they are found to be not in point. They are cases in each of which the mortgagee was not consulted with reference to the services for which the subsequent lien was created. In the present case, the storage was had at the request of the mortgagee, acting through his authorized agent.

Other nominal assignments of error require no separate consideration.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.